UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEIDI JOHNSON<br>*Plaintiff*,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,[1]<br>*Defendant*. | No. 3:17-cv-1651 (VAB) |

**RULING AND ORDER ON MOTION FOR ATTORNEY FEES**

On June 4, 2019, Heidi Johnson ("Plaintiff") filed a motion for an award of attorney fees, permitted under the Equal Access to Justice Act ("EAJA"). *See* Mot. for Att'y Fees, ECF No. 42 (June 4, 2019) ("Mot."). Ms. Johnson submitted a declaration from her counsel in support of the motion, indicating that she is seeking payment for 71.2 hours of work related to the appeal for a total of $14,396.99.[2] Ms. Johnson claims that 68.7 of the 71.2 hours are attorney hours and the remaining hours are billed by non-attorney legal staff. *See* Mot. at 5–6; Reply at 7.

The Acting Commissioner of the Social Security Administration Kilolo Kijakazi, ("Defendant" or "Commissioner") does not contest that Ms. Johnson is entitled to Attorney's fees under the EAJA for work related to Ms. Johnson's appeal of the Decision of the Commissioner. *See* Def.'s Mem. of Law in Opp'n to Pl.'s Mot. for Att'y Fees, ECF No.46 (July 16, 2019) ("Opp'n"). The Commissioner instead argues that (1) Ms. Johnson should not receive EAJA fees for the almost eight hours her counsel spent related to her Appointments Clause

---

[1] Kilolo Kijakazi, is now the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Fed. R. Civ. P. 25(d). *See* 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] This total is comprised of an initial submission of 65.75 hours or $13,287.50, *see* Mot. at 5–6, and supplemental submission of 5.45 hours or $1,109.50, Pl.'s Reply at 7, ECF No. 48 ("Reply").

1

Claim, since she did not prevail on this claim, and (2) Ms. Johnson's total request should be reduced because 71.2 hours is excessive and unreasonable for this Social Security matter. *Id.*

For the following reasons, the motion for attorney's fees is **GRANTED in Part and DENIED in Part.**

Attorney fees in the amount of **$9,829.08** are awarded under the EAJA.[3]

## I. FACTUAL AND PROCEDURAL BACKGROUNG

On October 12, 2017, Ms. Johnson filed a Complaint against the Commissioner seeking review of the Commissioner's final decision denying her claim for Title II and Title XVI disability benefits under the Social Security Act. Compl., ECF No. 1.

On March 8, 2018, Ms. Johnson moved to reverse the Decision of the Commissioner, arguing that the administrative law judge ("ALJ"): (1) failed to develop the record; (2) mechanically applied the age criteria of the Medical-Vocational Guidelines; (3) failed to establish whether Ms. Johnson's cashier checker position was past relevant work; (4) incorrectly found that Ms. Johnson could perform light work; (5) incorrectly found that Ms. Johnson could reach in all directions with her dominant hand; (6) incorrectly reached decisions about the intensity, persistence, and limiting effects of Ms. Johnson's symptoms; (7) failed to acknowledge or comply with the treating physician rule; and (8) failed to develop the record or resolve an inconsistency as to Ms. Johnson's education level. *See* Mem. of Law in Supp. of Mot. for Order Reversing the Commissioner Decision at 1–22, ECF No. 19-1.

On June 19, 2018, the Commissioner moved to affirm the decision. *See* Def. Mot. to Affirm, ECF No. 26.

On July 25, 2018, Ms. Johnson filed a Notice of New Authority, and requested that the

---

[3] The Court notes the significant delay in addressing this motion. This matter should have been resolved earlier, much earlier. The Court apologizes to the parties, especially Ms. Johnson and her counsel, for this error.

Court remand her case and direct the Commissioner to provide her a new hearing before a properly appointed ALJ consistent with the Supreme Court's ruling in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). *See* Notice of New Authority, ECF No. 30.

On October 5, 2018, the Commissioner moved to dismiss Ms. Johnson's Appointments Clause claim. Def.'s Resp. to Pl.'s Notice of New Authority & Mot. to Dismiss Pl.'s Appointments Clause Claim, ECF No. 33.

The parties then filed additional briefs on the Appointments Clause issue. Pl's Mem. in Opp'n to Def.'s Mot. to Dismiss Pl.'s Appointments Clause Claim, ECF No. 34; Def.'s Response to Pl.'s Notice of New Authority & Mot. to Dismiss Pl.'s Appointments Clause Claim, ECF No. 35; Notice of New Authority, ECF No. 38; Def. Reply in Supp. of Mot. to Dismiss Pl.'s Appointments Clause Claim & Resp. to Pl.'s Submission of Suppl. Authority, ECF No. 39.

On March 29, 2019, the Court granted Ms. Johnson's motion to reverse the decision of the Acting Commissioner and denied the Commissioner's motion to affirm the Commissioner's decision and remanded the case to the Social Security Administration for rehearing and further proceedings consistent with the Court's ruling. *See* Order, ECF No. 40 ("Order Reversing Decision of Comm'r"). In that same Order, the Court also granted the Acting Commissioner's motion to dismiss Ms. Johnson's Appointments Clause claim. *Id.*

On June 4, 2019, Ms. Johnson filed a motion for an award of attorney's fees under the EAJA. Mot.

On July 16, 2019, the Acting Commissioner filed an opposition to Ms. Johnson's motion for attorney's fees. Opp'n.

On July 22, 2019, Ms. Johnson filed a response to the Acting Commissioner's opposition to Ms. Johnson's motion for attorney's fees. Reply.

On June 16, 2021, the Court denied the motion for attorney fees without prejudice to renewal, upon the ruling of the Commissioner of Social Security. Order, ECF No. 55.

On October 21, 2021, Ms. Johnson filed a notice seeking to renew her EAJA motion for attorney fees. Ms. Johnson noted that she received agency fees under § 406(a) and withdrew her request for fees under that statute. *Id.* ECF No. 56.

On May 22, 2023, Ms. Johnson renewed her motion for attorney fees under the EAJA and withdrew her request for fees under § 406(a). Mot. For Attorney's Fees EAJA, ECF No. 59.

## II.  STANDARD OF REVIEW

Section 2412(d) of the EAJA requires

> (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000) (quoting *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990)). Award is permissible to "a prevailing party in a Social Security benefits case . . . if the Government's position in the litigation was not 'substantially justified.'" *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (quoting 28 U.S.C. § 2412(d)(1)(A)). A position that is "substantially justified" is one "justified to a degree that could satisfy a reasonable person," and "the Commissioner must demonstrate that his position had 'a reasonable basis both in law and fact.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81–82 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 563, 565 (1988)). The burden rests on the fee applicant to establish "entitlement to an award and document[] the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Finally, the Act

defines "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." *Id.* § 2412(d)(2)(G).

### III.  DISCUSSION

According to Ms. Johnson, she initially filed her Social Security Disability claim on March 27, 2014, and she ultimately received an unfavorable decision on August 2, 2016. Mot. at 1. The Appeals Council denied her review on September 8, 2017, and this appeal followed shortly thereafter. *Id.* On March 29, 2019, this Court granted her motion to Reverse the Decision of the Commissioner and entered judgment in her favor. *See* Order Reversing Decision of Comm'r at 2, 27. Because she is a "prevailing party" in this action, Ms. Johnson argues she entitled to attorney's fees under 28 U.S.C. § 2412.

Ms. Johnson is seeking attorney's fees in the amount $14,397.02, consisting of the following:

| Work Performed by | Hours | Rate | Total |
|---|---|---|---|
| Attorney Zimberlin (2017) | 2.8 | $199.28 | $557.97 |
| Attorney Zimberlin (2018) | 56.95 | $203.58 | $11,593.72 |
| Attorney Zimberlin (2019) | 3.9 | $206.60 | $805.74 |
| Attorney Zimberlin (2019) | 5.05 | $203.58[4] | $1,028.08 |
| Law Clerk (2018) | 1 | $203.58 | $203.58 |
| Law Clerk (2019) | 0.4 | $203.58 | $81.43 |
| Paralegal | 1.1 | $115.00 | $126.50 |

*See* Mot. at 5–6; Reply at 7.

The Commissioner does not contest that Ms. Johnson is entitled to attorney's fees under the EAJA. Instead, the Commissioner argues that (1) Ms. Johnson should not receive EAJA fees for almost eight hours her counsel spent related to Plaintiff's Appointments Clause Claim since she did not prevail on that claim, and (2) Ms. Johnson's request should be reduced because 71.2

---

[4] Although this work was performed in 2019, Ms. Johnson requested the 2018 hourly rate. *See* Reply at 7. This discrepancy has no impact on the Court's analysis.

5

hours is excessive and unreasonable for this social security matter. Opp'n.

Before turning to these arguments, the Court will first note that Ms. Johnson has satisfied the requirements of 28 U.S.C. § 2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) Ms. Johnson is a prevailing party in light of the Court ordering a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.

The Court will next address the reasonableness of the fees sought, specifically whether Ms. Johnson is entitled to attorney's fees for work related to the appointment clause argument and whether the total award requested in this case is excessive.

### A. Attorney Fees Related to Apportionment Clause Claim

The Commissioner argues that Ms. Johnson is not entitled to attorney's fees for work related to an additional claim she raised in her appeal, namely her "Appointments Clause Claim." Opp'n at 4.[5] According to the Commissioner, Ms. Johnson did not raise her Appointments Clause claim until after the parties had fully briefed the merits of her appeal. In other words, according to the Commissioner, Ms. Johnson "initiated an Appointment clause challenged" separate and apart from her initial appeal. *Id.* In response, the Commissioner then moved to the dismiss that claim, which the Court granted. *See* Order at 25–27. In the Commissioner's view, Ms. Johnson is not a "prevailing party" as to that specific claim and she is therefore not entitled to attorney's fees for anytime spent on it. Opp'n at 5.

---

[5] In *Lucia*, the Supreme Court held that administrative law judges of the Securities and Exchange Commission are "officers" of the United States within the meaning of the Appointments Clause and are therefore subject to the appointment clause. 138 S. Ct. at 2053. Most courts have now found that *Lucia* applies to Social Security ALJs. *See, e.g., Bonilla-Bukhari v. Berryhill*, 18-cv-263 (GWG), 2019 WL 1007846, at *7 (S.D.N.Y. 2019) (collecting cases with respect to courts that have found that *Lucia* applies to the social security administration).

Ms. Johnson responds that the relevant inquiry is whether she was successful on her appeal, not whether some of her "contentions" were rejected by the Court. Reply at 1. When viewed in that context, Ms. Johnson argues she "received excellent results" in her appeal—judgment was entered in her favor and her case was remanded—and is entitled to attorney's fees for all of the work related to her appeal. *Id.* at 2.

The Court agrees, in part.

The Supreme Court has cautioned against a fragmented inquiry when assessing whether a party prevailed in a litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."); *see also Chabad Lubavitch of Litchfield Cnty., Inc. v. Borough of Litchfield, Conn.*, No. 3:09-CV-1419 (JCH), 2018 WL 2332075, at *7 (D. Conn. May 23, 2018) (evaluating "the success of the litigation as a whole as opposed to on a claim-by-claim basis"); *Wells Fargo Bank, NA v. Konover*, No. 3:05CV1924 AWT, 2014 WL 3908596, at *16 (D. Conn. Aug. 8, 2014) ("[F]ee award should not be reduced because Wells Fargo succeeded as to only two of its seven legal theories against Konover." (internal quotation marks omitted)).

Because the Supreme Court issued its decision in *Lucia* while this case was pending, Ms. Johnson was justified in submitting a notice of new authority and requesting that this Court also consider her appeal in light of that decision. Indeed, as the Court noted above, following the Supreme Court's decision in *Lucia,* most courts found that *Lucia* applies to Social Security ALJs. *See Bonilla-Bukhari*, 2019 WL 1007846, at *7 (collecting cases). Courts later concluded, however, that Social Security claimants are entitled to a *Lucia* rehearing only if they raised their Appointments Clause arguments during their agency hearing or appeal, which Ms. Johnson

7

failed to do.

Nonetheless, as courts conclusively resolved these legal issues, Ms. Johnson was justified in raising this claim, notwithstanding the fact that argument was ultimately unsuccessful. *See Watrous v. Borner*, 995 F. Supp. 2d 84, 91 (D. Conn. 2014) (explaining that simply because a plaintiff "did not succeed on every theory or obtain damages against each defendant is not sufficient reason to reduce" Plaintiff's attorney's fees award). Here, although Ms. Johnson did not prevail on the Appointment Clause claim, she nevertheless is a prevailing party in this case and is therefore entitled to attorney's fees for hour related this claim.

Accordingly, the Court concludes that 7.9 hours spent on the Appointment Clause is compensable under the EAJA.

### B. Reasonableness of the Attorney Fees

In determining the reasonableness of a fee request brought under Section 406(b), a court considers the following factors:

> (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case.

*Smith v. Saul*, No. 3:16-CV-00632 (VAB), 2020 WL 7041145, at *2 (D. Conn. Dec. 1, 2020) (quoting *Sama v. Colvin*, No. 3:10-cv-01268 (VLB) (TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (internal quotation marks omitted)).

Courts generally consider several factors to determine if "the amount of time expended by a plaintiff's counsel was reasonable," including "the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.'" *Claudio v. Berryhill*, No. 3:17-

8

cv-1228 (MPS), 2019 WL 3002907, at *1 (D. Conn. July 10, 2019) (quoting *Barbour v. Colvin*, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014)).

The Commissioner argues that the attorney's fees award that Ms. Johnson requested in this case is excessive and unreasonable. In the Commissioner's view, the 63.3[6] hours billed in this case "is well outside the twenty-to-forty hour range . . . that is generally considered reasonable for social security cases." Opp'n at 5. The Commissioner acknowledges that the administrative record in this case, which totaled 1,396 pages, "is not a small transcript," but concludes "it is also not unusual" for a Social Security case. *Id.* Next, the Commissioner argues that "the amount of time [Ms. Johnson's] counsel spent on analyzing the medical record and drafting the facts and arguments far exceeds what is necessary, especially given counsel's experience and the fact that he represented Plaintiff in some capacity during the administrative proceedings below." *Id.* at 6. Finally, the Commissioner argues that because this case did not involve overly complex issues, "spending over 47 hours on researching and preparing the facts and arguments for the brief is excessive." *Id.* at 7. For these reasons, the Commissioner requests that the amount of EAJA fees awarded in this case be reduced to fall within the twenty-to-forty hour benchmark that courts have found reasonable. *Id.* at 9.

Ms. Johnson argues that "court routinely award attorney fees in excess of 40 hours in social security appeals." Reply at 2 (capitalization altered). She argues that in this case, preparing her appeal required a "meticulous page by page review of the record," and that her attorneys should be compensated for this work. *Id.* at 5.

The Court disagrees, in part.

---

[6] 63.3 hours represents the 72.1 hours minus the 7.6 hours spent on the Appointment Clause claim which the Court concluded was reasonable.

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." *Rodriguez v. Colvin*, No. 3:15CV01037(JCH), 2016 WL 4126416, at *2 (D. Conn. Aug. 3, 2016) (quoting *Poulin v. Astrue*, No. 3:10CV1930 (JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012); *Cobb v. Astrue*, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009)).

Ms. Johnson is requesting at least 63.3 hours expended by her attorney in this case, excluding the time spent raising the Appointment Clause claim. This amount includes at least 20 hours spent on drafting and editing the facts and medical chronology of the brief and 27 hours conducting legal research and drafting the legal portion of her brief. In addition to these combined 47 hours, Ms. Johnson is requesting an additional 20 hours spent on other legal tasks. The Court finds the requested total of 63.3 hours to be excessive, particularly in light of the fact that Ms. Johnson's current counsel also represented her during the administrative proceedings and therefore had some familiarity with the record.

Although there is no "hard cap on the number of hours a litigant may bill to a Social Security case," *Bathrick v. Astrue*, No. 3:11-CV-00101-VLB, 2015 WL 3870268, at *4 (D. Conn. June 23, 2015), the Court finds reasonable the twenty-to-forty hour benchmark adopted by Court in this Circuit, at least in this case. Thus, absent a well-articulated reason, this Court declines to depart from this prevailing benchmark.

Ms. Johnson's sole argument that she is entitled to attorney fees outside of this range, is that the twenty-to-forty hour benchmark "pre-dates the adoption in this District of a new practice requiring the plaintiff to provide a detailed medical chronology, with citations to the record, in the motion for remand." Reply at 3. A review of recent rulings in this District, however, makes

10

clear that twenty to forty hours for a Social Security appeal continues to be the benchmark. *See, e.g., Arlene P. v. Saul*, No. 3:21-CV-895 (SRU), 2023 WL 3073507, at *1 (D. Conn. Apr. 25, 2023) (finding 35.3 hours reasonable time spent on a Social Security appeal); *Peterson v. Kijakazi*, No. 3:22-CV-26, 2023 WL 3559673, at *2 (D. Conn. May 19, 2023) (33.4 hours is reasonable); *Sue-Anne O. M. v. Kijakazi*, No. 3:20-CV-00301, 2023 WL 3737712, at *2 (D. Conn. May 31, 2023) (32 hours is reasonable).

The Court therefore finds that 63.3 hours for this appeal is excessive. *See Rodriguez v. Colvin*, No. 15-cv-1037, 2016 WL 4126416, at *4 (D. Conn. Aug. 3, 2016) (reducing the amount of fees awarded from 58 hours to 44.45 hours in a case with a 4,502 page transcript); *Freeman-Concepcion v. Comm'r of Soc. Sec.,* No. 3:15CV1719 (DJS), 2018 WL 11446237, at *1 (D. Conn. July 18, 2018) (finding 58.4 hours to be excessive and reducing the amount of fees award to 40 hours).

The Court concludes that it is reasonable to compensate Ms. Johnson for 40 hours expended by her counsel, which is at the top of the general range applicable to these cases. These 40 hours are awarded in addition to the 7.9 hours spent on the appointment clause claim, thereby totaling 47.9 hours. Although the hourly rate that Ms. Johnson requested varied by year, the Court will utilize the higher rate of $206.58 in determining the amount to awarded. As a result, the Court will award Ms. Johnson an attorney fee of **$9,829.08**, consisting of 47.9 hours at $206.58 per hour.

## IV.   CONCLUSION

For the foregoing reasons, the motion for attorney's fees is **GRANTED in Part and DENIED in Part.**

Attorney fees in the amount of **$9,829.08** are awarded under the EAJA.

11

SO ORDERED at Bridgeport, Connecticut, this 28th day of July, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE
